Filed 10/20/20  P. v. Clayton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C088788 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF 18-5739) |
| v. | |
| HENRY COLIN CLAYTON, | |
| Defendant and Appellant. | |

Defendant Henry Colin Clayton appeals the trial court's finding that he had the ability to pay the mandatory fines and fees imposed with his sentence, arguing the finding lacks sufficient evidence.  We affirm the judgment because defendant's ability or inability to pay does not affect the imposition of the mandatory fines and fees challenged.  We do, however, order correction of the minute order.

### FACTS

Defendant was charged with 11 criminal counts and two sentence enhancements in connection with several burglaries and thefts he committed while using

1

methamphetamine.  Defendant entered into a negotiated plea and pleaded no contest to two counts of first degree burglary, three counts of taking and driving a vehicle, and admitted one prior strike.

The court accepted the plea and sentenced defendant to serve 10 years 8 months in accordance with the negotiated plea.  The court imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)),[1] $300 stayed parole revocation restitution fine (§ 1202.45), $200 in court operations assessments ($40 for each felony count) (§ 1465.8), and $150 in conviction assessments ($30 for each felony count) (Gov. Code, § 70373).  The court also held a victim restitution hearing and found sufficient evidence to award a total direct victim restitution amount of $4,389.36 among three victims.  For one victim, D.C., the court ordered $1,713 in restitution but the minute order states $1,673.40 owed to him.

After defendant filed his appeal, he submitted a request with the trial court to consider his ability to pay the mandatory fines and fees under section 1237.2.  Defendant argued the court should not consider how much a person can earn in jail because he has a serious drug problem and may not be able to get prison work while getting treatment. The court found defendant had the ability to pay the challenged $650 in mandatory fines and fees because defendant had a "past earning capability and he has a substantial prison term, and the ability to earn prison wages."  The court therefore denied defendant's request.

## DISCUSSION

### I

### *Fines and Fees*

Defendant argues there was insufficient evidence supporting the trial court's determination he had the ability to pay the mandatory fines and fees because there was no

---

[1]    Undesignated statutory references are to the Penal Code.

evidence he can sustain employment in prison or otherwise. The People argue defendant does not have a right to an ability to pay hearing.

Defendant's argument depends on his right to have had the court consider his ability to pay the fines and fees. Defendant assumes he was entitled to this consideration for the reasons articulated in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). Disagreeing with *Dueñas*, we conclude no such right existed.

In *Dueñas*, after numerous citations and convictions related to driving without a license resulted in significant fines and fees the defendant, Dueñas, could not pay, she requested a hearing to determine her ability to pay those costs. (*Dueñas, supra*, 30 Cal.App.5th at pp. 1160-1163.) Following the statutory language, the trial court ruled the assessments were mandatory and Dueñas had not shown the " 'compelling and extraordinary reasons' " required to waive the restitution fine. (*Id.* at p. 1163.)

The Court of Appeal reversed, holding due process prohibits a trial court from imposing court assessments under section 1465.8 and Government Code section 70373, and requires the trial court to stay execution of any restitution fines unless it conducts an ability to pay hearing and ascertains the defendant's ability to pay those assessments and fines. (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.) To support this conclusion, *Dueñas* relied on two lines of due process precedent. First, it cited authorities addressing access to courts and waiving court costs for indigent civil litigants. Second, it relied on due process and equal protection authorities that prohibit incarceration based on a defendant's indigence and inability to pay a fine or fee. (*Id.* at pp. 1165-1166, 1168.) The court also concluded that imposing costs on indigent defendants "blamelessly" unable to pay them transformed a "funding mechanism for the courts into additional punishment." (*Id.* at p. 1168.)

*People v. Hicks* (2019) 40 Cal.App.5th 320, review granted November 26, 2019, S258946 (*Hicks*) rejected *Dueñas*'s reasoning, under both lines of due process authority. First, *Hicks* observed imposition of fees after a determination of guilt does not deny

3

criminal defendants access to the courts and does not interfere with defendant's right to present a defense or challenge a trial court's rulings on appeal.  (*Id.,* at p. 326.)  Second, *Hicks* noted *imposition* of fees, without more, does not result in incarceration for nonpayment of fines and fees due to indigence; thus, it does not infringe on that fundamental liberty interest.  (*Ibid.*)

*Hicks* went on to conclude the *Dueñas* court's expansion of these due process "foundational pillars" was an incorrect interpretation of due process foundations because it was inconsistent with the principles announced by our Supreme Court and the United States Supreme Court that *imposition* of fines and assessments on indigent defendants is not prohibited because the state has a fundamental interest in punishing those who violate the criminal law, and not conferring immunity for such punishment on indigent defendants.  (*Hicks, supra*, 40 Cal.App.5th at p. 327, rev. granted.)  In addition, the *Dueñas* court's holding was inconsistent with the purposes and operation of probation because it relieved indigent defendants of any duty to make an effort to repay their debt to society.  (*Hicks,* at p 327)

We conclude the reasoning in *Hicks, supra*, 40 Cal.App.5th 320, is more persuasive than *Dueñas, supra*, 30 Cal.App.5th 1157.  Accordingly, we conclude the imposition of mandatory fines, fees, and assessments on an indigent defendant without consideration of ability to pay does not violate due process and there is no constitutional requirement for the trial court to conduct an ability to pay hearing prior to imposing these mandatory fines, fees, and assessments.

We also agree with *Hicks* that the fundamental policy question presented by *Dueñas, supra,* 30 Cal.App.5th 1157 is difficult:  the challenges of trying to balance the concerns about potential debt traps laid by court-imposed fees and punitive fines against the interests of funding the courts and providing restitution to crime victims.  (*Hicks, supra*, 40 Cal.App.5th at p. 329, rev. granted.)  These policy challenges have yet to be resolved.  (See Governor's veto message to Assem. on Assem. Bill No. 927 (Oct. 9,

4

2019) Recess J. No. 14 (2019-2020 Reg. Sess.) p. 3651.) While the legislative and executive branches consider the policy questions raised by *Dueñas*, an ability to pay hearing is not currently mandated by law.

We recognize that the trial court in this case, in line with *Dueñas, supra*, 30 Cal.App.5th 1157, assessed defendant's ability to pay the mandatory fines and assessments pursuant to section 1237.2. Because we conclude *Dueñas* is inapplicable, we express no opinion regarding the trial court's conclusion defendant had the ability to pay these fines and assessments.

## II

### *Victim Restitution Minute Order*

The People correctly note the minute order inaccurately states the restitution awarded to D.C.; defendant agrees. Typically, "[w]here there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) We direct the court to correct the minute order to increase the restitution owed to victim D.C. from $1,673.40 to $1,713.

DISPOSITION

The judgment is affirmed.  The trial court is directed to correct its minute order to reflect the restitution to victim D.C. as $1,713.


  /s/                                    
HOCH, J.


We concur:


  /s/                                    
BLEASE, Acting P. J.


  /s/                                    
MURRAY, J.


6